```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARIO NISVIS,                                   :

                Plaintiff,                      :    11 Civ. 2004 (PGG) (GWG)

        -v.-                                    :    REPORT AND
                                                     RECOMMENDATION
                                                :
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,                  :

                Defendants.                     :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mario Nisvis, proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that defendants Physician's Assistant ("P.A.") Kwan, Nurse Suzette Camper, Nurse Administrator Barbara Furco, and Superintendent Philip Heath were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, defendants' motion to dismiss should be granted with leave to replead.

I.      BACKGROUND

        A.      Factual Background

For purposes of deciding defendants' motion to dismiss, the Court assumes that the allegations in Nisvis's complaint are true and draws all reasonable inferences from those facts in favor of Nisvis. See, e.g., Litwin v. Blackstone Grp., L.P., 634 F.3d 706, 715 (2d Cir.), cert. denied, 132 S. Ct. 242 (2011). In light of Nisvis's pro se status, the Court has also considered factual allegations contained in his papers opposing defendants' motion. See, e.g., Andino v. Fischer, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010) ("Courts may consider the allegations

1

contained in pro se plaintiffs' memorandum of law, where those allegations are consistent with the allegations in the complaint.").

Nisvis is currently incarcerated at Sing Sing Correctional Facility ("Sing Sing"). See Complaint under the Civil Rights Act, 42 U.S.C. § 1983, filed Mar. 17, 2011 (Docket # 2) ("First Compl."), ¶ I.A. The original complaint notes that Nisvis had surgery on his right arm but the Sing Sing medical department "keep denying medical [care]." Id. ¶ II.D. It also states that he has pain in his right hip and foot and has received x-rays of his foot, but has not received treatment, pain medication, or physical therapy. Id. He has submitted many grievances and wrote to the medical department and the Commissioner in Albany. First Compl. ¶ IV.F.3; Amended Complaint, filed Feb. 11, 2013 (Docket # 23) ("Am. Compl."), ¶ 6.

The factual portion of Nisvis's Amended Complaint states in its entirety the following:

> As a background, plaintiff noted to This Court, that he had previous surgeries on his right arm, and that he suffered from a hip and foot injury, and that he had complained of pain at several medical appointments to the medical staff at Sing Sing Correctional Facility, and was ignored and denied pain medication. Plaintiff also complained of being denied physical therapy which was recommended by health care providers both within Sing Sing, and outside medical consults when seen by contracted medical specialists.
>
> That plaintiff's requests for medical help have in large part been ignored by the Respondents . . . .

Am. Compl. ¶¶ 4-5.

Some additional allegations are made in his briefing in response to defendant's motion. Nisvis saw Nurse Camper during a "'sick-call' visit" during which Nisvis complained of a "medical problem with respect to a surgery that was done on his 'right arm.'" See Plaintiff's Rebuttal Towards The Memorandum of Law in Support Defendants [sic] Motion to Dismiss, filed Apr. 4, 2013 (Docket # 25) ("Pl. Opp."), at 2. Nurse Camper "saw the injury which

2

plaintiff was complaining about," but "stated that there was nothing she could do, and that she would pass the recommendation over to the Nurse Administrator who would then make the final determination as to obtaining physical therapy to help cure the pain in right arm." Id. Nurse Furco, the Nurse Administrator, then "called for plaintiff . . . and told the plaintiff, that she was not going to recommend physical therapy to plaintiff because the plaintiff was not in need for such." Id. Furco informed Nisvis that his pain was "only 'brief' and it would go away on its own." Id. at 3. When Nisvis described "the profound, and immeasurable pain he was experiencing [which] causes him not to be able to sleep or move his arm," Furco responded "'so what[,]' it was not her 'pain or problem[,]' deal with it." Id. Nisvis filed a grievance with the grievance committee and "wrote a letter to the Superintendent explaining the situation of the inadequate medical care plaintiff was being provided within the facility infirmary." Id. While waiting for the Superintendent's response, Nisvis went to sick-call and was again seen by Nurse Camper. Id. He explained that he continued to feel pain in his right arm and was having difficulty moving it. Id. In response, Nurse Camper said, "'[L]isten, I'm not going to keep going with this shit with you about your arm.[']" Id. (some internal quotation marks omitted). Nisvis "was told to leave the infirmary, and not to return because there was nothing they would do for him." Id.

After this incident, Nisvis submitted another grievance, which was "not heard." Id. at 4. He wrote again to the Superintendent, but received no response. Id.

    B.    <u>Procedural History</u>

Nisvis filed this action on March 17, 2011. See First Compl. Nisvis's complaint included claims against the New York State Department of Correctional Services, which were dismissed by Judge Gardephe pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) in light of the state

agency's immunity under the Eleventh Amendment.  See Order of Service, filed Apr. 14, 2011 (Docket # 7), at 2.  This order also instructed the Attorney General for the State of New York to provide identifying information for the Nurse Administrator Nisvis was seeking to sue.  Id.

Defendants filed a motion to dismiss on October 28, 2011, see Motion to Dismiss, filed Oct. 28, 2011 (Docket # 13), which Judge Gardephe deemed moot following his grant of Nisvis's motion to file an amended complaint, see Order, dated June 13, 2012 (Docket # 17), at 1.  Nisvis filed an amended complaint on February 11, 2013.  Am. Compl.  On March 13, 2013, defendants filed the instant motion.[1]

II.     APPLICABLE LAW

    A.     Legal Standard Governing a Motion to Dismiss

A party may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where the opposing party's pleading "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  While a court must accept as true all of the allegations contained in a complaint, that principle does not apply to legal conclusions.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation, internal quotation marks, and brackets omitted).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678, and thus a court's first task is to disregard any conclusory statements in a

---

[1] See Notice of Motion, dated Mar. 13, 2013 (Docket # 26); Memorandum of Law in Support of Defendants' Motion to Dismiss, dated Mar. 13, 2013 (Docket # 27) ("Def. Mem."); Pl. Opp.; Reply Memorandum of Law in Support of Defendants' Motion to Dismiss, filed May 6, 2013 (Docket # 28) ("Def. Reply").

complaint, id. at 679.

Next, a court must determine if a complaint contains "sufficient factual matter" which, if accepted as true, states a claim that is "plausible on its face." Id. at 678 (citation and internal quotation marks omitted); accord Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is insufficient under Fed. R. Civ. P. 8(a) because it has merely "alleged" but not "'show[n]' — 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In the case of pro se plaintiffs, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be construed liberally and interpreted "'to raise the strongest arguments that they suggest'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, even pro se pleadings must contain factual allegations that "'raise a right to relief above the speculative level.'" Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555).

B.      Deliberate Indifference under 42 U.S.C. § 1983

To state a claim under section 1983, Nisvis must show that he was denied a constitutional or federal statutory right and that the deprivation of such right occurred under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  Section 1983 does not grant any substantive rights but rather "provides only a procedure for redress for the deprivation of rights established elsewhere," such as in the Constitution or federal statutes.  See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted), cert. denied, 512 U.S. 1240 (1994). Additionally, "'[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

To establish a violation of the Eighth Amendment arising out of inadequate medical treatment, a prisoner is required to prove "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).  The deliberate indifference standard consists of both a subjective prong and an objective prong.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995).  To establish that a prison official was deliberately indifferent toward an inmate's health, a plaintiff must demonstrate: (1) that the plaintiff "had a serious medical condition," and (2) that the prison official was "deliberately indifferent" to that condition.  Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (internal quotation marks omitted).

As to the subjective component, the Second Circuit has explained that

the official charged with deliberate indifference must act with a "sufficiently culpable state of mind."  See Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  That is, the official must "know[ ] of and

>disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Hill, 657 F.3d at 122.  It has further noted that:

>"[d]eliberate indifference" describes a mental state more blameworthy than negligence; but a plaintiff is not required to show that the defendant acted for the "very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Estelle, 429 U.S. at 104, 97 S. Ct. 285).  Deliberate indifference is "a state of mind that is the equivalent of criminal recklessness." Hathaway v. Coughlin ("Hathaway II"), 99 F.3d 550, 553 (2d Cir. 1996).  A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" Chance, 143 F.3d at 703 (quoting Hathaway II, 99 F.3d at 553).

Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005).

Thus, "disagreements over medications, diagnostic techniques . . . , forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); see also id. at 311 ("A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference.  Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred.") (citation omitted); accord Jordan v. Fischer, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011).

Under the objective prong, the alleged medical need must be "sufficiently serious." Hathaway, 37 F.3d at 66 (citation and internal quotation marks omitted).  A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or

7

extreme pain." Id. (citation and internal quotation marks omitted). "Factors that have been considered include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (citations and internal quotation marks omitted). When the basis for an inmate's claim of deliberate indifference is a delay in the provision of medical treatment, the relevant concern is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).

### III.  DISCUSSION

Defendants seek dismissal of Nisvis's complaint on three grounds: (1) Nisvis has failed to allege personal involvement by some defendants, Def. Mem. at 3–5; Def. Reply at 1 n.1, 3–4; (2) Nisvis has failed to state a claim upon which relief may be granted, Def. Mem. at 5–6; Def. Reply at 2–4; and (3) defendants are entitled to qualified immunity, Def. Mem. at 6–7; Def. Reply at 4–5. Defendants also assert that Nurse Administrator Furco has never been served with either the complaint or amended complaint. Def. Mem. at 1 n.1; Def. Reply at 1 n.1. Nisvis's opposition brief provided no response to defendants' legal arguments but instead provided more specific allegations against certain defendants. Pl. Opp. at 2–4. For the following reasons, we conclude that Nisvis has not stated a claim upon which relief may be granted, and therefore do not address defendants' other arguments.

Nisvis alleges that defendants violated his Eighth Amendment rights by denying him proper medical care and treatment. Am. Compl. ¶¶ 3–5; Pl. Opp. at 2–4.. Nisvis's deliberate

indifference claim rests on allegations that Furco and Camper knew Nisvis was experiencing pain but dismissed his complaints and did not prescribe pain medication or physical therapy. Pl. Opp. at 2–3. The Second Circuit has held that

> [i]f the unreasonable medical care [alleged] is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious. Smith v. Carpenter, 316 F.3d 178, 185–86 (2d Cir. 2003). Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted).

Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006). Nisvis's allegations of pain concern alleged injuries to his hip, right foot, and right arm. See Pl. Opp. at 4; First Compl. ¶ III; Am. Compl. ¶ 4. While Nisvis states in his opposition papers that the pain he experienced was "profound[] and immeasurable," Pl. Opp. at 3, and that he had difficulty moving his right arm, his papers are otherwise bereft of any details describing the injuries. He has not described the time period during which he experienced this pain, any information regarding its source, the manner or situations in which he experienced the pain, the nature of his surgery, or the treatment he received relating to his surgery. The characterizations of Nisvis's injuries as "ser[i]ous," First Compl. ¶ II.C, or "profound," do not satisfy the required pleading standard, as they are conclusory and lack any context.

Even if we were to conclude that Nisvis had adequately pled a sufficiently serious medical condition, Nisvis has failed to meet the subjective prong of the deliberate indifference standard. Nisvis's papers allege that defendants caused an "unnecessary and unreasonable delay in providing medical treatment," Pl. Opp. at 2, and "depriv[ed] and disregard[ed] the plaintiff's needs for medical attention regarding the fact of the pain and suffering plaintiff was

experiencing within his right arm, after having a surgery," id. at 4.  But allegations of negligence or error amounting to medical malpractice are insufficient to sustain a claim of deliberate indifference under section 1983.  See Farmer, 511 U.S. at 835 (clarifying that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'") (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974) ("We have already noted that mere negligence by a state prison doctor may give rise to a malpractice claim in state courts but not to a violation of federal constitutional rights."); Vento v. Lord, 1997 WL 431140, at *3 (S.D.N.Y. July 31, 1997) ("It is well established . . . that allegations of negligence, medical malpractice or claims based on a difference of opinion over matters of medical judgment do not give rise to an Eighth Amendment violation.").  Nisvis asserts that defendants failed to provide him with pain medication and would not listen to his complaints during his second visit.  However, where a plaintiff has not alleged that a medical professional "knowingly and intentionally rendered improper treatment, Plaintiff's asserted dissatisfaction with the treatment itself is insufficient to support the subjective prong of deliberate indifference."  Jones v. Mack, 2012 WL 386269, at *5 (S.D.N.Y. Feb. 3, 2012).  Here, Nisvis has made no allegations that would plausibly show that defendants knowingly provided inadequate care.  That a nurse was dismissive of his complaints of pain is insufficient to show deliberate indifference.  Brown v. White, 2010 WL 985184, at *11 (N.D.N.Y. Mar. 15, 2010) (fact that nurse was "completely dismissive" of plaintiff's claims insufficient by itself to support claim that she acted with deliberate indifference to a serious medical need) (citing cases).  It is well known that medical professionals may have reasons to doubt, for example, purely subjective reports of pain and to therefore refrain from providing pain medication despite such complaints.  As a consequence, Nisvis's allegations simply reflect a

disagreement between him and his medical practitioners as to whether he was in need of treatment and thus do not rise to the level of deliberate indifference. See Sonds, 151 F. Supp. 2d at 312 ("[D]isagreements between a prisoner and prison officials over treatment decisions fall short of cruel and unusual punishment.").

In sum, Nisvis has not pled facts showing that any defendant violated either the subjective or objective prong of the Eighth Amendment standard. Accordingly, his claims under section 1983 against all defendants must be dismissed.

III.   CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Docket # 26) should be granted. Nisvis should be given leave to file a second amended complaint in the event he is able to correct the deficiencies identified in this Report and Recommendation by pleading facts that would state a claim against defendants. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.") (citations omitted), cert. denied, 503 U.S. 960 (1992).

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul G. Gardephe, at 40 Foley Square, New York, New York 10007, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Gardephe. If a party fails to

file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: September 4, 2013
      New York, New York

                                                  GABRIEL W. GORENSTEIN
                                                  United States Magistrate Judge

Copy mailed to:

Mario Nisvis
06-A-5855
Sing Sing Correctional Facility
354 Hunter St.
Ossining, NY 10562

Counsel by ECF